J-S17022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME SMITH | : | |
| | : | |
| Appellant | : | No. 878 EDA 2018 |

Appeal from the PCRA Order March 2, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0811161-2005

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 26, 2019**

Appellant, Jerome Smith, appeals *pro se* from the order entered on March 2, 2018, dismissing as untimely his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural of this case as follows. On July 31, 2006, a jury found Appellant guilty of first-degree murder and possessing an instrument of crime.  On the same day, the trial court sentenced Appellant to a mandatory term of life imprisonment for first-degree murder, with a concurrent term of one to five years of imprisonment for possessing an instrument of crime.  This Court affirmed Appellant's judgment of sentence and our Supreme Court denied further review.  ***See Commonwealth v. Smith***, 953 A.2d 839 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 960 A.2d 839 (Pa. 2008).  On March 30, 2009, Appellant filed a timely PCRA petition.  The PCRA court appointed counsel who filed an amended PCRA

petition. The PCRA court denied relief on the amended petition on April 23, 2010. Thereafter, following a convoluted procedural history not relevant to the current appeal, our Court affirmed the PCRA court's dismissal of Appellant's 2009 PCRA petition on June 28, 2012. *See Commonwealth v. Smith*, 53 A.3d 943 (Pa. Super. 2012) (unpublished memorandum). Our Supreme Court denied further review. *See Commonwealth v. Smith*, 57 A.3d 70 (Pa. 2012).

On November 27, 2017, Appellant, acting *pro se*, filed his second PCRA petition. On February 2, 2018, the PCRA court issued notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss Appellant's petition without a hearing. The PCRA court deemed the petition untimely and cited Appellant's failure to satisfy an exception to the PCRA's timeliness requirements as set forth at 42 Pa.C.S.A. § 9545(b)(1). Appellant filed a *pro se* response on February 21, 2018. On March 2, 2018, the PCRA court dismissed Appellant's PCRA petition as untimely. This appeal resulted.[1]

On appeal, Appellant presents the following issues,[2] *pro se*, for our review:

---

[1] Appellant filed a *pro se* notice of appeal on March 20, 2018. The PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on March 27, 2018. Appellant complied timely. On July 17, 2018, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

[2] We have revised Appellant's second issue for clarity.

1. Whether the PCRA court erred when [it] ruled that Appellant's PCRA petition was untimely?

2. Whether the PCRA court erred when it determined trial counsel did not provide ineffective assistance for not objecting to the trial court's failure to follow the sentencing procedure outlined under 42 Pa.C.S.A. § 9711(a)(1)?[3]

Appellant's Brief at 3.

Appellant first claims that the trial court erred by dismissing his most recent PCRA petition as untimely because he raised the "newly-discovered fact" exception to the PCRA's one year jurisdictional time requirement. *Id.* at 6. In his second issue presented, Appellant claims that trial counsel was ineffective for failing to object to the trial court's imposition of life imprisonment without a jury determination at the penalty phase pursuant to 42 Pa.C.S.A. § 9711(a)(1). *Id.* at 8. As such, Appellant claims "the trial judge usurped authority from the jury to determine the penalty and [] trial counsel failed to register an objection which constitutes a miscarriage of justice." *Id.* Appellant maintains that he learned of his claim "[o]n November 22, 2017, [when he] attended a PCRA class [in prison] where [he] learned that trial counsel provided deficient performance[.]" *Id.* at 4.

When reviewing the denial of a PCRA petition, our standard of review is limited to

---

[3] Section 9711(a)(1) provides that "[a]fter a verdict of murder of the first[-] degree is recorded and before the jury is discharged, the court shall conduct a separate sentencing hearing in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment." 42 Pa.C.S.A. § 9711(a)(1). Section 9711 was enacted in 1974 and was most recently amended in 1999.

- 3 -

whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. When reviewing the denial of a PCRA petition without an evidentiary hearing, we determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing. When there are no disputed factual issues, an evidentiary hearing is not required. We review the PCRA court's legal conclusions *de novo*.

The newly discovered facts exception, Section 9545(b)(1)(ii), relates to whether a court has jurisdiction to consider an untimely petition.[4] It does not require a merits analysis. A petitioner satisfies the newly discovered facts exception when the petitioner pleads and proves that (1) the *facts* upon which the claim is predicated were *unknown* and (2) could not have been ascertained by the exercise of *due diligence*. Due diligence requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief, but does not require perfect vigilance or punctilious care.

*Commonwealth v. Hart*, 199 A.3d 475, 481 (Pa. Super. 2018) (internal citations, quotations. brackets, and ellipses omitted; emphasis in original).

In this case, Appellant contends that he recently discovered statutory law, applicable at the time of his trial, to support a current claim of ineffective assistance of counsel. Specifically, Appellant claims that trial counsel provided ineffective assistance of counsel when he failed to object to the trial court's imposition of life imprisonment without first requiring the jury to decide whether to apply a death sentence or life imprisonment as set forth at Section

---

4 All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of the three enumerated exceptions. 42 Pa.C.S.A. § 9545(b)(1). Here, there is no dispute that Appellant's judgment of sentence became final in 2009. Thus, his current PCRA petition filed in November 2017 is patently untimely.

9711(a)(1). The timeliness exception under section 9545(b)(1)(ii), however, relates to the discovery of facts previously unknown to a petitioner, but not to the subsequent discovery of extant law applicable at the time of trial. Regarding section 9545(b)(1)(ii), our Supreme Court previously determined:

> Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule. Put another way, a "fact," as distinguished from the "law," is that which is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law.

*Commonwealth v. Watts*, 23 A.3d 980, 986-987 (Pa. 2011). The **Watts** Court ultimately held that "decisional law[5] does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." **Watts**, 23 A.3d at 987. Here, Appellant seeks to litigate an ineffective assistance claim and asserts that a timeliness exception applies because he recently learned about section 9711(a)(1). Appellant's discovery, however, did not reveal a new "fact" within the meaning of section 9545(b)(1)(ii). Moreover, as set forth above, section 9711 was enacted in 1974 and last amended in 1999. As such, the law was in effect at the time of Appellant's trial and his current claim could have been ascertained earlier through the exercise of due diligence. Accordingly, Appellant failed to plead and prove an exception to the PCRA's one-year jurisdictional time requirement. Because there were no disputed factual

---

[5] While cases cited by the trial court and the Commonwealth deal with whether decisional law constitutes a "fact" under section 9545(b)(1)(ii), obviously statutory law falls under the same definition as established in **Watts**.

issues, an evidentiary hearing was not required. Hence, the PCRA court properly dismissed Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/26/19